# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| LESTER O'NEIL WOODRUFF, )<br>    *Petitioner,* )<br>) <br>v. )<br>)<br>HAROLD W. CLARKE, )<br>    *Respondent.* ) | CASE NO. 6:12-CV-00072<br><br>**MEMORANDUM OPINION** |

Lester O'Neil Woodruff, a Virginia inmate, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Woodruff argues that his right to due process was violated, his right to a fair trial was violated in two ways, and that he further suffered extrinsic fraud, unlawful detainment and arrest, a *Miranda* violation, and ineffective assistance counsel on both the trial and appellate levels. The Supreme Court of Virginia found that five of Woodruff's initial ineffective assistance of counsel claims failed on their merits under *Strickland v. Washington*, 466 U.S. 668 (1984), and that his extrinsic fraud claim was defaulted under *Slayton v. Parrigan*, 305 S.E.2d 680 (1974). I find that the state court's adjudication of those claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts. Regarding his remaining claims, I find that Woodruff's unlawful detainment and arrest claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and that his other claims are procedurally barred because he did not raise them in state court and he has not demonstrated grounds to excuse his default. Therefore, I will grant defendant's motion to dismiss.

### I.

Woodruff was convicted in the Lynchburg City Circuit Court of possession of cocaine with

[1]

intent to distribute. The court sentenced Woodruff on April 25, 2009, to 25 years incarceration with 10 years of that time suspended. Woodruff appealed to the Virginia Court of Appeals, and that appeal was granted on April 12, 2010. However, the Virginia Court of Appeals affirmed his conviction of November 9, 2010. Woodruff appealed to the Supreme Court of Virginia, which on May 19, 2011 denied his appeal. Woodruff next filed a Petition for Habeas Corpus in the Supreme Court of Virginia on March 29, 2012, alleging the following:

1. Claim A(1): Counsel was ineffective for failing to alert the trial court that the Commonwealth knowingly perjured testimony, and that the Assistant Commonwealth's Attorney engaged in extrinsic fraud by presenting the perjured testimony.

2. Claim A(2): Counsel was ineffective for failing to file a motion for discovery.

3. Claim A(3): Counsel was ineffective for failing to bring the court's attention to misconduct committed by the prosecutor during opening statements.

4. Claim A(4): Counsel was ineffective for failing to conduct proper legal research with regard to the *Terry* stop.

5. Claim A(5): Counsel was ineffective for failing to argue at the suppression hearing.

6. Claim B: Appellate counsel was ineffective for failing to argue the Fourth Amendment issues appropriately and conceded too much during oral argument.

7. Claim C: The prosecutor committed extrinsic fraud by misleading the trial court into believing certain remarks made by an Officer Smith.

The Supreme Court of Virginia dismissed his petition.[1]

Woodruff filed the instant § 2254 federal habeas petition on December 13, 2012, claiming the following:

1. Petitioner's right to due process was violated by the Commonwealth's failure to provide the Defense with a police report during discovery.

---

[1] In dismissing Woodruff's petition for appeal on habeas review, the Supreme Court of Virginia, in effect, adjudicated Woodruffs' claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Thomas v. Davis*, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

2. Petitioner's right to a fair trial was violated by the Commonwealth's use of perjured testimony.

3. Petitioner's right to a fair trial was violated due to prosecutorial misconduct.

4. The Commonwealth committed extrinsic fraud by deliberately misleading the trial court about prejudicial remarks, as made out in his earlier habeas petition.

5. Petitioner suffered unlawful detainment and arrest.

6. Petitioner suffered a *Miranda* violation.

7. Petitioner suffered ineffective assistance of counsel, as made out in his earlier habeas petition.

8. Petitioner suffered ineffective assistance of Appellate counsel, as made out in his earlier habeas petition.

This matter is now before the court upon Respondent's motion to dismiss.

## II.

Woodruff claims that his right to due process (claim one) and his right to fair trial (claims two and three) were violated, and further that he suffered a *Miranda* violation (claim six). The court finds that these claims are procedurally defaulted because Woodruff did not raise these claims on direct appeal or in his state habeas petition. Furthermore, he has not demonstrated grounds to excuse his default. Therefore, I will dismiss these claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)). Although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the exhaustion requirement, the federal claim

nevertheless must be "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 278, 275 (1971) (quotations omitted); *see also Baker*, 220 F.3d at 289. Fair presentation mandates that the federal claim "be presented face-up and squarely . . . . Oblique references which hint that a theory may be lurking in the woodwork will not suffice." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) (quotations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011). Rather, "both the operative facts and the controlling legal principles must be presented to the state court." *Id.* (quotations omitted); *see also Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002). Thus, in state court, the petitioner is obligated to identify the federal constitutional right purportedly infringed, identify the facts thought to support such a violation, and to explain how those facts establish a violation of his constitutional rights. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (*per curiam*). In this case, Woodruff did not present these claims to the Supreme Court of Virginia. Although Petitioner claims otherwise in his reply (docket no. 10), the references in the state habeas petition were "[o]blique references which hint . . . [at] a legal theory" more than they were fairly presented. *Matthews*, 105 F.3d at 911.

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker*, 220 F.3d at 288; *see also Gray v. Netherland*, 518 U.S. 152, 161 (1986). If Woodruff were to attempt now to raise these claims before the Supreme Court of Virginia, that court would find the claims are procedurally barred. *See* Va. Code § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus); § 8.01-654(A)(2) (state habeas statute

of limitations). Consequently, Woodruff's claims are simultaneously exhausted and procedurally barred from federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Basette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990); *Sparrow v. Dir., Dep't. of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).

Still, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id*. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id*. at 496. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). In this case, nothing in the record remotely supports a claim of actual innocence,[2] and Woodruff offers nothing to excuse his procedural default. Accordingly, I find that these claims are barred from federal habeas review.

### III.

Woodruff claims that the prosecution committed "extrinsic fraud" in the way it presented testimony from Officer Smith (claim four). The state court, on habeas review, dismissed this claim

---

[2] Woodruff presents no argument or factual contention in support of an actual innocence claim, nor any "new reliable evidence" supporting a claim of actual innocence. *See Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

as procedurally defaulted under *Slayton*, because Woodruff could have raised the claim at trial and on direct appeal, but failed to do so. *Slayton* is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Woodruff offers nothing to excuse the default, I will dismiss the claim.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); *see also Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). A state procedural rule is "adequate" if it is "consistently or regularly applied" by the state courts, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), "and it is independent if it does not depend on a federal constitutional ruling," *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Thus, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). The Fourth Circuit has recognized *Slayton* as an adequate and independent procedural rule that renders the claim procedurally defaulted in this court. *See Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006); *see also Wright v. Angelone*, 151 F.3d 151, 159-60 (4th Cir. 1998); *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997); *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996); *Spencer v. Murray*, 18 F.3d 229, 232 (4th Cir. 1994). To be sure, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In this case, however, Woodruff offers nothing to excuse his procedural default. Accordingly, I will dismiss Woodruff's "extrinsic fraud" claim as procedurally defaulted.

**IV.**

Woodruff claims that he suffered unlawful detainment and arrest (claim five). The court finds that this claim is barred by *Stone v. Powell*, 428 U.S. 465, 495 (1976), where the United States Supreme Court found that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief." *See also Doleman v. Muncy*, 579, F.2d 1258, 1265 (4th Cir. 1978) (applying *Stone* and suggesting that a district court should "inquire as to whether or not the petitioner was afforded an *opportunity* to raise his Fourth Amendment claims under the then existing state practice" and, if so, the district court "need not inquire further into the merits of the petitioner's case").

In this case, there is no dispute that a suppression hearing was held where Woodruff could have made the kinds of arguments he now seeks to present. Accordingly, Woodruff is barred from being granted federal habeas corpus relief for this claim.

**V.**

Woodruff claims that counsel provided ineffective assistance in failing to (1) impeach Officer Smith for his allegedly perjured testimony, (2) refusing to object to reference to a police report being used, (3) failing to cite relevant case law, and (4) failing to argue that Woodruff's *Miranda* rights were violated. I find that (2) can either be fairly grouped with (1) or that it was not raised in Woodruff's state habeas petition, which would mean that it would be exhausted and defaulted from review. These claims together, then, constitute claim seven of Woodruff's federal habeas petition. Woodruff also alleges in claim eight that appellate counsel was ineffective for failing to argue the Fourth Amendment issues correctly. The Supreme Court of Virginia adjudicated and rejected these claims, finding that they failed under *Strickland v. Washington*, 466

U.S. 668 (1984). I find that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts.[3]

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688. There is a strong presumption that an attorney is acting reasonably. *Id*. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that, but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id*. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id*.

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland* . . . ." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a

---

[3] Woodruff's petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id*. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. *Id*. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Id*. at 1420 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Id*.

Woodruff claims that counsel provided ineffective assistance in failing to impeach Office Smith for his allegedly perjured testimony. In adjudicating this claim on habeas review, the state court found that counsel did in fact confront Officer Smith with discrepancies in his testimony and that Woodruff failed to show deficient performance or prejudice. Based on the foregoing, the state court determined that Woodruff's claim failed under both prongs of *Strickland*. I agree. The state court's adjudication of Woodruff's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

Woodruff claims that counsel was ineffective in failing to cite relevant case law. In adjudicating this claim on habeas review, the state court found that counsel had appropriately argued that police had no reasonable suspicion and cited numerous cases more on point than the case Woodruff complained was not cited. The state court accordingly determined that Woodruff had not demonstrated that either counsel's performance was deficient or that he was prejudiced by counsel's alleged deficient performance. I agree. The state court's adjudication of Woodruff's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

Woodruff claims that counsel was ineffective in failing to argue that Woodruff's *Miranda* rights were violated. In adjudicating this claim on habeas review, the state court found that there was in fact no violation of Woodruff's *Miranda* rights, and that therefore counsel was not

ineffective for failing to argue or preserve for appeal a frivolous issue. The state court therefore found that this claim failed both prongs of *Strickland*. I agree. The state court's determination was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

Finally, Woodruff claims that his appellate counsel was ineffective in failing to argue the Fourth Amendment issues in the case appropriately. In adjudicating this claim on habeas review, the state court found that the police *did* have a reasonable articulable suspicion, as is required by *Terry*, to stop and pat down petitioner. Because of that, there was no error on the part of counsel by admitting as much during oral argument, and no prejudice to the defendant from counsel's statements. Thus, the state court found the claim failed both prongs of *Strickland*. I once again agree. The state court's adjudication of Woodruff's final claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

## V.

For the reasons stated herein, I will grant respondent's motion to dismiss Woodruff's petition. An appropriate order follows.

The Clerk is directed to send a copy of this memorandum opinion and the accompany order to the petitioner and to all counsel of record.

Entered this ___23rd___ day of October, 2013.

                                                         _____
                                                         NORMAN K. MOON
                                                         UNITED STATES DISTRICT JUDGE